T.C. Memo. 2008-286

UNITED STATES TAX COURT

MOTRYA OLHA MAYEWSKY, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10820-07.                    Filed December 22, 2008.

Motrya Olha Mayewsky, pro se.

Kelly R. Morrison-Lee and Scott A. Hovey, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, Judge: The issue for decision is whether petitioner is entitled to deduct amounts claimed as theft and casualty losses and as miscellaneous itemized expenses relating to 2003, 2004, and 2005.

FINDINGS OF FACT

Petitioner timely filed her returns relating to 2003, 2004, and 2005. On each return, petitioner claimed a $10 million theft and casualty loss relating to a stamp collection, U.S. savings bonds, and other personal property. On February 14, 2007, respondent issued petitioner a notice of deficiency relating to 2003, 2004, and 2005, in which respondent disallowed itemized deductions of $10,012,633, $9,997,469, and $9,994,315,[1] respectively, and determined deficiencies of $6,129, $4,469, and $5,069, respectively. On May 15, 2007, petitioner, while residing in Virginia, filed her petition with this Court.

OPINION

Section 165[2] allows a deduction for casualty and theft losses sustained during the taxable year and not compensated for by insurance or otherwise. Sec. 165(a), (c)(3). On the returns relating to the years in issue, petitioner deducted miscellaneous itemized expenses and exorbitant casualty and theft losses. Petitioner contends that her savings bonds, stamp collection, and other personal valuables were stolen and that her home was damaged by a flood. There is no credible evidence, however,

---

[1] These amounts were adjusted for computational limitations based on petitioner's adjusted gross income.

[2] Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended and in effect for the years in issue.

supporting petitioner's contentions and claimed deductions.[3]  In fact, petitioner acknowledged that "My putting $10 million dollars each year from 2003-2205 [sic] was just an estimated amount".  Accordingly, we sustain respondent's determinations.

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.

---

[3] Pursuant to sec. 7491(a), petitioner has the burden of proof with respect to the claimed deductions because she failed to introduce credible evidence.